## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELINDA CROFT,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:14-CV-0687** |
| **v.** | : | |
| | : | **Honorable Judge Rambo** |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, SCI-** | : | |
| **ROCKVIEW, KENNETH SHILLING,** | : | **Electronically Filed Document** |
| **MARIOSA LAMAS, SHARON** | : | |
| **CLARK,** | : | |
| **Defendants** | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

1. This is a conclusion of law to which no response is required.

2. This is a conclusion of law to which no response is required.

3. This is a conclusion of law to which no response is required.

4. This is a conclusion of law to which no response is required.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted in part.  It is admitted that Defendant Shilling was a Correctional

   Officer on Block C employed by the Pennsylvania Department of Corrections

   at State Correctional Institute at Rockview.  It is further admitted that he

resides in Burnham, PA in the Middle District of Pennsylvania.  The remainder of this paragraph is a conclusion of law to which no response is required.

10. Admitted in part.  It is admitted in part that Defendant Marirosa Lamas, at all relevant times, was a Superintendent employed by Defendant Pennsylvania Department of Corrections and State Correctional Institute at Rockview.  It is further admitted that she resides in Harrisburg, PA, which is within the Middle District of Pennsylvania.  The remainder of this paragraph is a conclusion of law to which no response is required.

11. Admitted in part.  It is admitted that Defendant Sharon Clark, at all relevant times, was employed by Defendant Pennsylvania Department of Corrections and State Correctional Institute at Rockview, and she resides in Muncy, PA.  It is further admitted that she was Plaintiff's supervisor around the time of the incident surrounding this lawsuit.  The remainder of this paragraph is a conclusion of law to which no response is required.

12. This is a conclusion of law to which no response is required.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted in part. Denied in part.  It is admitted that at the time of Plaintiff's employment at SCI Rockview her office was on the cell block.  The remainder of this paragraph is denied.

23. Admitted.

24. Denied.

25. Admitted.

26. Denied.

27. Admitted in part. Denied in part.  It is unclear what is meant by "the vicinity of Plaintiff's office." Inmates who were block workers and those permitted to see the unit manager were allowed in the office.  Furthermore, inmates who were going to assignments or other places were allowed to pass by the office. The remainder of this paragraph is denied.

28. Admitted.

29. Denied.

30. Admitted in part.  Denied in part.  Admitted that Plaintiff sent Officer Shilling a facebook message about concerns with inmate Omar Best.  The remainder of this paragraph is denied.

31. Denied.

32. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

33. Denied.

34. Denied.

35. Admitted in part.  It is admitted that Best was charged with a sexual assault from many years ago.  The remainder of this paragraph is denied.

36. Denied.

37. The allegations in this complaint make reference to court documents.  Those court documents speak for themselves.

38. Admitted in part.  Denied in part.  It is admitted that the Department of Corrections had information relating to Omar Best's prior conviction.  The remainder of this paragraph is denied.

39. Admitted in part. Denied in part.  It is admitted that Best was a block worker who was not assigned to walk in or clean Plaintiff's office.  The remainder of this paragraph is denied.

40. Denied.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied.

45. Admitted in part. Denied in part.  It is admitted that Best was never assigned to clean Plaintiff's office.  The remainder of this paragraph is denied.

46. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

47. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

48. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

49. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

50. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

51. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

52. Admitted.

53. Admitted.

54. Admitted in part. Denied in part.  It is admitted that a rape kit indicated that Plaintiff had been sexually assaulted.   The remainder of this paragraph is denied.

55. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

56. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

57. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

58. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

59. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

60. Denied.  Defendants are without sufficient information to admit or deny this allegation and therefore, it is denied.

61. Admitted in part. Denied in part.  Admitted that the clerical staff were moved out of the cell blocks.  Denied that the staff had been located upstairs until Lamas instituted a change of location.

62. Denied.

63. Denied.

64. Admitted.

65. Denied.

66. Admitted.

67. Denied.

68. Denied.   Defendants do not understand what Plaintiff means by "an outside team" and therefore, this paragraph is denied.

69. Denied.

70. Denied.

71. Denied.

72.  Denied.

73. This makes reference to a written investigation report.  Such written report speaks for itself.

74. Denied.

75. This makes reference to a written investigation report.  Such written report speaks for itself.

76. Denied.

77. This makes reference to a written document.  Such written document speaks for itself.

78. Denied.

79. This makes reference to a written document.  Such written document speaks for itself.

80. Denied.

81. This makes reference to a written document.  Such written document speaks for itself.

82. Denied.

83. This makes reference to a written document.  Such written document speaks for itself.

84. Denied.

85. This makes reference to a written document.  Such written document speaks for itself.

86. Denied.

87. This makes reference to a written document.  Such written document speaks for itself.

88. Denied.

89. This makes reference to a written document.  Such written document speaks for itself.

90. Admitted in part. Denied in part.  It is admitted that at the time of the incident, Defendant Lamas was Superintendent for both SCI-Rockview and SCI-Benner.

It is admitted that subsequent to the incident, a separate superintendent was appointed for each facility.  The remainder of this paragraph is denied.

91. Denied.

92. Admitted in part. Denied in part.  It is admitted that after the rape, clerk typists were relocated away from housing units and employees were provided emergency alert systems.  The remainder of this paragraph is denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Admitted in part. Denied in part.  It is admitted that the Moss Group are experts in the area of sexual safety assessments.  The remainder of this paragraph is denied.

98. Admitted.

99. Denied.

100. Denied.

101. Denied.

102. No response required.

103. This is a conclusion of law to which no response is required.

104. This is a conclusion of law to which no response is required.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

124.  This is a conclusion of law to which no response is required.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. This is a conclusion of law to which no response is required.

131. No response required.

132. This is a conclusion of law to which no response is required.

133. This is a conclusion of law to which no response is required.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. No response required.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. This is a legal conclusion to which no response is required.

153. Denied.

154. Denied.

## AFFIRMATIVE DEFENSES AND NEW MATTER

### QUALIFIED IMMUNITY

The Answering Defendants cannot be held liable in the instant action based on the Doctrine of Qualified Immunity.

### SOVEREIGN IMMUNITY

The Answering Defendants cannot be held liable under the allegations of the Complaint based on sovereign immunity.

## FAILURE TO STATE A CAUSE OF ACTION

The Answering Defendants cannot be held liable for the alleged cause of harm to Plaintiff because their acts where not sufficient, as a matter of law, to attach liability there under.

## INSUFFICIENT INFRINGEMENT ON CONSTITUTIONAL RIGHTS

The Answering Defendants did not act in any way so as to deny, or substantially infringe upon, any of Plaintiff's constitutional rights.

## STATUTE OF LIMITATIONS

Plaintiff has failed to timely file this action and therefore it is barred by the applicable Statute of Limitations.

## CONTRIBUTORY NEGLIGENCE/ACTS OF THIRD PARTIES

Some or all of the damages Plaintiff have alleged are in part, or substantially due, to the acts of third parties other than the Answering Defendants, and/or Plaintiff acted in a manner which in whole or in part contributed to the events which led to the damages Plaintiff has alleged in her Complaint.

## DEMURRER

Plaintiff has not alleged sufficient facts which, if true, would be considered a violation of any of her established rights under the constitution.

Respectfully submitted,

**KATHLEEN G. KANE**
**Attorney General**


**By:**   *s/Timothy P. Keating*
_____
          **TIMOTHY P. KEATING**
**Office of Attorney General**          **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**        **Attorney ID 44874**
**Harrisburg, PA 17120**
**Phone: (717) 705-8580**               **GREGORY R. NEUHAUSER**
**Fax:    (717) 772-4526**              **Chief Deputy Attorney General**
**tkeating@attorneygeneral.gov**        **Chief, Civil Litigation Section**

**Date: September 5, 2014**             *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BELINDA CROFT** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:14-CV-0687** |
| **v.** | : | |
| | : | **Honorable Judge Rambo** |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, SCI-** | : | |
| **ROCKVIEW, KENNETH SHILLING,** | : | **Electronically Filed Document** |
| **MARIOSA LAMAS, SHARON** | : | |
| **CLARK,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Timothy P. Keating, Senior Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on September 5,

2014, I caused to be served a true and correct copy of the foregoing document to the

following:

**VIA ECF:**

**Clifford A. Rieders**
Rieders Travis Humphrey Harris Waters &
Waffenschmidt
161 West Third Street
Williamsport, PA  17703-0215

                                        **By:** *s/Timothy P. Keating*_____
                                              **TIMOTHY P. KEATING**
                                              Senior Deputy Attorney General